(No. 36521.-▮▮▮▮▮▮▮▮▮)

HARVEY L. EMM *et al.*, Appellants, *vs.* RAY SOPHER, Mayor of the City of Streator, Appellee.

*Opinion filed November 30, 1961.*

HALFPENNY, HAHN & RYAN, of Chicago, (HAROLD T. HALFPENNY, JAMES F. FLANAGAN, and MARY M. SHAW, of counsel,) for appellant.

PARKE H. DAUGHERITY, City Attorney, and ERNEST H. POOL, both of Streator, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of La Salle County allowing defendant's motion for summary judgment in a declaratory judgment proceeding. The trial judge has certified that the validity of two municipal ordinances is involved and that the public interest requires a direct appeal to this court.

The complaint sought a declaratory judgment that a certain ordinance of the city of Streator adopted March 14, 1960, be declared void and that a certain liquor license also be declared void.

The facts, as disclosed by the pleadings, show that in 1939 the city of Streator adopted a comprehensive ordinance regulating the sale of alcoholic liquor. This ordinance, among other things, limited the number of retail licenses in the city to 40 and provided that no retail liquor license should be granted to any person "whose principal business is the sale at retail of groceries, meat products and/or drugs" and made it unlawful to sell alcoholic liquor at retail in connection with groceries, meat products or drugs. These provisions of the 1939 ordinance have not been amended or repealed by the corporate authorities.

On November 30, 1959, certain terrritory was annexed to the city. This annexed area was either vacant land or devoted to junk yards and similar uses, except for a large business then in the process of construction, which was to be operated as a grocery store, meat market, and package liquor store as Rudy's Supermarket. At the time of the annexation, Rudy's had a retail liquor license issued by La Salle County.

On March 14, 1960, the city adopted an ordinance providing that any business establishment located on property annexed to the city, whether a licensed business or not, should be permitted to continue operating said business unimpaired by reason of annexation, including all rights and privileges previously possessed prior to annexation.

On June 22, 1960, defendant, acting in his capacity as local liquor commissioner, issued a retail liquor license to Rudy's Supermarket. On July 6, 1960, Rudy's surrendered this license and received a city license formerly held by someone else, which was one of the 40 licenses authorized by the 1939 ordinance.

The complaint, as amended, consists of three counts. In count I, plaintiff Harvey Emm, a citizen, resident and taxpayer of Streator, prays that the court find that the ordinance of March 14, 1960, granted special privileges to Rudy's, and that the ordinance be declared illegal, un-

constitutional and void. In count II, plaintiffs, Harvey Emm and Albert Baldwin, sue as taxpayers praying that the 1960 ordinance be declared invalid and that the defendant be enjoined from allowing the appropriation or expenditure of any funds for the enforcement of said ordinance. In count III, plaintiff Albert Baldwin alleges that he is the owner of a supermarket in Streator, that under the 1939 ordinance he is unable to apply for or obtain a retail liquor license, that Rudy's, which is in competition with him, has been able to obtain a liquor license, and that plaintiff Baldwin has suffered a direct injury as a result of the 1960 ordinance different from that suffered by the public generally. Count III concludes with a prayer that the 1960 ordinance be declared void, that the action of defendant in issuing a retail liquor license to Rudy's and the license held by Rudy's be declared void, and that defendant, as local liquor commissioner be directed to cancel and revoke said license.

Defendant urged several grounds in his motion for a summary judgment, among them (1) that plaintiffs do not have sufficient interest to maintain the action, (2) that since the license currently held by Rudy's was not issued under the 1960 ordinance, the question of the validity of that ordinance is moot and does not present a justiciable controversy, (3) that the 1960 ordinance is valid, and (4) that the provisions of the 1939 ordinance prohibiting the issuance of a retail liquor license to one engaged in the grocery and meat business is no longer effective in view of a 1941 statutory amendment. (Laws of 1941, vol. 1, p. 28; Ill. Rev. Stat. 1941, chap. 43, par. 110; *Retail Liquor Dealers Protective Ass'n v. Schreiber,* 382 Ill. 454; *Apperson v. Hartford Accident and Indemnity Co.* 322 Ill. App. 485; *Walgreen Co. v. Garland,* 316 Ill. App. 635.) The trial court did not indicate any specific grounds upon which it allowed the motion for summary judgment.

Plaintiffs contend that the 1960 ordinance grants special

privileges to Rudy's in violation of section 22 of article IV of the constitution of Illinois. Defendant, while maintaining that the ordinance is constitutional and valid, also asserts that the validity of the 1960 ordinance is not involved, since the license currently held by Rudy's was not issued under that ordinance but is one of the 40 retail liquor licenses authorized under the 1939 ordinance. To this assertion, plaintiffs reply that, since the 1939 ordinance prohibits the issuance of a license to any person whose principal business is the retail sale of groceries, meats, or drugs, the license could not have been properly issued under that ordinance.

In 1939, when the ordinance was passed prohibiting the issuance of a retail liquor license to one engaged in the retail grocery, meat, or drug business, such a prohibition was within the power of municipalities to enact. (*The Great Atlantic and Pacific Tea Company* v. *The Mayor and Commissioners of the City of Danville,* 367 Ill. 310.) In 1941, however, the General Assembly amended section 1 of article IV of "An Act relating to alcoholic liquors" to provide that the issuance of local liquor licenses should not be prohibited except for certain reasons specified in that act, none of which reasons is here applicable. (Laws of 1941, vol. 1, p. 28; Ill. Rev. Stat. 1941, chap. 43, par. 110.) This amendment rendered inoperative local prohibitions against the sale of liquor in grocery, meat, and drug stores. (*Liquor Dealers Association* v. *Schreiber,* 382 Ill. 454, 460; *Walgreen Company* v. *Garland,* 316 Ill. App. 635, 644; *Apperson* v. *Hartford Accident and Indemnity Company,* 322 Ill. App. 485, 495.) The 1941 amendment remains substantially unchanged in the present law. (Ill. Rev. Stat. 1959, chap. 43, par. 110.) Thus the prohibition of the 1939 ordinance against the issuance of a license to a person engaged in the retail grocery, meat, or drug business became inoperative in 1941.

Plaintiffs contend that a 1951 amendment to the Revised Cities and Villages Act had the effect of restoring to munici-

palities the authority that had been taken away from them by the 1941 amendment to the Liquor Control Act. In 1951, the section of the Revised Cities and Villages Act granting municipalities the general power to "locate and regulate the places where and the manner in which any beverages or food for human consumption is sold" was amended to except "the wholesale sale of alcoholic beverages." (Ill. Rev. Stat. 1951, chap. 24, par. 23—63.) Plaintiffs argue that by this amendment the legislature intended to make it clear that municipalities have plenary power to regulate the retail sale of alcoholic liquor. We think, however, that the clear intent of the 1951 amendment to the Revised Cities and Villages Act was to deprive municipalities of any regulatory powers they might have had over the wholesale sale of liquor, rather than to increase their powers over the retail sale. Certainly the amendment discloses no intention to remove the restrictions imposed upon municipalities by the Liquor Control Act.

Since the provisions of the 1939 ordinance prohibiting the issuance of a license to a person engaged in the grocery, meat, or drug business is inoperative, the license now held by Rudy's does not depend upon the 1960 ordinance, and the trial court correctly allowed defendant's motion for summary judgment.

The judgment of the circuit court of La Salle County is affirmed.

*Judgment affirmed.*