(No. 31308.—

THE PEOPLE *ex rel.* William H. Carruthers *et al.,* Petitioners, *vs.* BENJAMIN O. COOPER, Auditor of Public Accounts, Respondent.

*Opinion filed November 22, 1949.*

FRANK E. TROBAUGH, (STEPHEN E. BRONDOS, of counsel,) both of West Frankfort, for petitioners.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, ROBERT J. BURDETT, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for respondent.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The relators, certain taxpayers and boards of education, have filed in this court an original petition for *mandamus* against the Auditor of Public Accounts, praying that he be directed to apportion and distribute common school funds, available for the benefit of the several school districts of the State, in such a manner that both the "general" grants and the "equalization" grants, as defined in the statute, will be paid on a uniform percentage basis.

The petition alleges that a deficiency exists in the State funds available for paying claims of school districts for the 1947-1948 school year, that the respondent has refused to allocate and distribute such funds so that the general apportionment and the equalization quota will each be paid on an equal percentage basis, and that he has declared his intention to pay the general apportionment in full and reduce the equalization quota within the balance of such available funds. Respondent filed an answer admitting the material allegations of the petition. The question presented, therefore, is one of statutory construction, namely: What is the manner of apportioning school funds, prescribed by the statute, where such funds are insufficient to pay in full the claims of the several school districts.

Article 18 of the School Code (Ill. Rev. Stat. 1949, chap. 122, par. 18-1 *et seq.*) governs the composition and disposition of the common school fund of this State. Section 18-1 prescribes the elements of which it shall consist, section 18-2 directs the Auditor of Public Accounts to apportion the fund at stated intervals in accordance with subsequent sections of the article, and sections 18-3 through 18-8 specify certain purposes for which sums are to be first set aside and paid therefrom.

Section 18-9 concerns the apportionment to be made to counties for the benefit of school districts. As amended

June 30, 1949, it provides, in so far as is relevant, as follows:

"So much of the balance of the sum remaining to be apportioned * * * as shall be required shall be assigned to the several counties for the benefit of the several school districts therein for payment of the several county claims composing the State report of claims submitted under Section 18-14. * * * If the money available in the common school fund for this purpose is less than the amount required under the provisions of this Act, the apportionment to each county shall be proportionately reduced.

"The amounts to be apportioned shall be determined for each county by school districts, including the non-high school district, as follows:

"1. For each pupil in average daily attendance * * * there shall be granted a general apportionment of $22 for each pupil in kindergarten and elementary school grades below the ninth and $7 for each high school pupil in grades 9 to 12 inclusive.

"2. In addition to the general apportionments based on average daily attendance as provided above, equalization quotas shall be determined as follows: * * *."

It is then provided in substance that for the school year beginning July 1, 1947, a school district which levies for educational purposes a sum at least equivalent to .25 per cent of the value of its taxable property shall be entitled to such equalization quota as is necessary to supplement .25 per cent of the value of its taxable property, and the general grants, by an amount that will produce a sum of $120 per pupil in average daily attendance. The section also contains provisions for amending claims based upon statistics for the school year ended on June 30, 1948, so as to make them conform to the requirements of the amended act. Prior to the amendment the act prescribed an equalization level of $90 per pupil below grade nine and $100 per

high school pupil. No change was made in the general grants. The former provisions also differed from the present ones in that if the available money were greater or less than the amount required under the act the apportionment to each county was to be proportionately increased or reduced. It will be noted that the amendment eliminates the provision for increasing the apportionment when a surplus exists.

Petitioners maintain that the amount due under the act for the benefit of any particular school district consists of one claim only, not two claims one of which is a general grant and the other an equalization grant. We agree that this is the proper interpretation. The act requires that "the apportionment" to each county be reduced *in proportion* to the amount by which the available funds are less than "the amount required under the provisions of this act." The amount required under the act includes the general grants as well as the equalization grants. In any given year this proportion is a definite percentage, ascertained by dividing the deficiency by the amount required under the act. If only the equalization element of the claim were subject to reduction *in the specified proportion,* a part of the available funds would necessarily remain undistributed. Such a result cannot have been intended by the legislature where an overall deficiency exists. The "apportionment" which is to be reduced must, therefore, consist of both the general grants and the equalization grants.

This conclusion gains further support from the language and structure of the second paragraph of the section. The introductory part of the paragraph, in providing that "the amounts to be apportioned shall be determined . . . as follows," indicates that the provisions which follow constitute a mere method of computation, and the presence of numbered subparagraphs, the first of which deals with general

grants and the second with equalization quotas, shows that the introductory part is meant to apply to both.

It is thus seen that the statute contemplates a single apportionment consisting of two parts, namely, general grants and equalization quotas. The difference between the two types is of significance only in ascertaining the amount to be apportioned to a particular county and the allocation of that apportionment among its school districts. There is nothing in the language of the statute to indicate that the two types of grant are to be treated separately for any purpose other than that of computing the amounts of such apportionments. The plain wording of the act admits of no other interpretation. If the legislature had intended that any deficiency should first reduce that portion of the claims representing equalization quotas it would have included express provisions to that effect. This it has not done, and the court is not at liberty to vary the natural meaning of the statutory language by reading into it such a legislative intention.

Respondent points out that the right to an equalization quota is subject to conditions not applicable to the general grant, and contends that this indicates a legislative intent to give the latter priority in payment. The presence of such requirements can have no bearing upon the method whereby a claim, the amount of which has once been ascertained, is to be reduced in proportion to the deficiency in funds available for payment. It is relevant only in determining whether a district is entitled to receive or retain an equalization quota as a part of its claim.

Respondent further maintains that, if both types are reduced, districts which do not qualify for equalization quotas will receive less than they received in the preceding year, despite the fact that appropriations for State aid to schools have been substantially increased, and that this result cannot have been intended by the legislature. Such

considerations cannot be utilized to sustain a construction at variance with the plain meaning of the statutory language. They are arguments appropriately addressed to the legislature. The function of this court is to construe the statute in accordance with the normal import of the words used, whatever its opinion may be regarding the desirability of results produced by the operation of the statute.

The writ of *mandamus* will accordingly be awarded, directing the Auditor òf Public Accounts to compute the apportionment to each county by school districts in accordance with the method prescribed by section 18-9 of the School Code, and to reduce the amount so ascertained, by the proportion which the deficiency bears to the aggregate of such apportionments, such reduction to be made without reference to the extent to which such apportionment is composed of either general grants or equalization quotas.

*Writ awarded.*