Charles L. Picco, Plaintiff-Appellee, v. Seymour Simon, Cook County Liquor Commissioner, Howard S. Cartwright, Chairman, Illinois Liquor Control Commission, Defendants, and Johnson & Johnson, Defendant-Appellant.

Gen. No. 51,269.

First District, First Division.

February 20, 1967.

Leibman, Williams, Bennett, Baird and Minow, of Chicago (George J. McLaughlin and William P. Colson, of counsel), for appellant.

Harold Bell, of Chicago, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an administrative review action. The trial court reversed the decision of the defendant liquor control authorities and ordered the issuance of a liquor license, which the agencies had refused to issue because the application did not include "frontage consents." Defendant Johnson & Johnson, owner of property adjoining that sought to be licensed, appeals from the order of the trial court.

The sole issue is the present validity of a resolution of the Board of Commissioners of Cook County, adopted May 14, 1934, in the use of their authority to regulate the sale at retail of alcoholic liquor in Cook County and territory outside the cities, villages and incorporated towns therein. The resolution included the following:

"IT IS FURTHER RESOLVED AND ORDERED, that no license permitting the sale of alcoholic liquors shall be issued by the Local Liquor Commissioner unless the owner or owners of at least two-thirds of the frontage foot (along the street or road and streets and roads adjacent to such place of business for which a license is sought for a distance of two hundred feet in each direction from such proposed place of business) shall file with the Local Liquor Commissioner his or their written consent to such place for the sale of alcoholic liquors . . . ."

The Cook County Liquor Control Commissioner denied the application of Picco to retail alcoholic liquor in an unincorporated area of Cook County, on the ground that it did not contain frontage consents, as required by the foregoing resolution, and the Illinois Liquor Control Commission affirmed the denial. Plaintiff filed the instant complaint in the Circuit Court of Cook County and alleged that the only property owner from whom a frontage consent could be obtained was defendant Johnson & Johnson, a manufacturing corporation, which refused to give its consent. Plaintiff further alleged that the

278

frontage consent resolution of May 14, 1934, was rendered inoperative by section 110 of chapter 43 (Ill Rev Stats, as amended June 18, 1957). After a hearing, the trial court reversed the decision of the two agencies and ordered the "Cook County Liquor Control Commissioner" to issue a local liquor license to plaintiff.

Plaintiff contends that in 1941 section 110 of the Liquor Control Act (ch 43) was amended and thereby "enumerated specifically certain reasons for which a liquor license may be denied and that frontage consents were not included in said list," and "therefore that part of the 1934 ordinance passed by the Cook County Board requiring frontage consents was superseded by the amendment . . . and thereby became inoperative." Plaintiff cites Emm v. Sopher, 23 Ill2d 376, 178 NE2d 289 (1961), where the Supreme Court said (p 379) :

> "This amendment rendered inoperative local prohibitions against the sale of liquor in grocery, meat, and drug stores."

Plaintiff further contends that the intention of the legislature is clearly stated in the wording of the Act, and the "proviso" at the end of the Act, which states, "provided, however, that in the exercise of any of the powers granted in this section, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in Sections 2, 8, 8a and 21 of Article VI of this Act," should be strictly construed. Citations include Doubler v. Doubler, 412 Ill 597, 107 NE2d 789 (1952), where it is said (p 600) :

> "Provisos in a statute, being designed to qualify or limit what is affirmed in the body of an act, should be strictly construed."

In sum, plaintiff asserts, "The local authorities were granted the powers by the State both to license and to regulate the operation under local licenses, but were prohibited by the State from denying an applicant for a li-

cense except for specifically enumerated reasons. The State did not include frontage consents requirements as one of the reasons for denying a license."

Defendant agrees with plaintiff that the proviso at the end of section 110 must be strictly construed but argues that it cannot be construed so as to conflict with the power granted to local authorities in the body of the section, where the following clause is to be found: "and to establish such further regulations and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require." We note that in Doubler v. Doubler, 412 Ill 597, 107 NE2d 789 (1952), it is said (p 600):

> "It is also a fundamental rule of statutory construction that each word, clause, and sentence in a statute must, if possible, be given some meaning."

Defendant asserts that the legislature intended that local authorities continue to have powers to impose restrictions and conditions of a nondiscriminatory nature, directed toward the maintenance of community standards or other considerations which the local authority might deem important to its own area.

Frontage consent requirements have long been upheld in Illinois. Our Supreme Court has said in so holding: "In matters of purely local concern the parties immediately interested may fairly be supposed to be more competent to judge of their needs than any central authority." (Martens v. People, 186 Ill 314, 57 NE 871 (1900); Harrison v. People, 195 Ill 466, 63 NE 191 (1902).) We believe that this principle still applies and is consonant with the authority in section 110 to "establish such further regulations and restrictions . . . as the public good and convenience may require." The proviso cannot be said to render these words meaningless.

To adopt such a construction would not promote the ends of justice in a matter of purely local concern.

A frontage consent requirement does not prohibit any person or class from obtaining a license, and it is uniform in its operation. We are not persuaded that the legislature, by amending section 110 of the Liquor Control Act, intended to prohibit local authorities from establishing a frontage consent restriction which the "public good and convenience may require."

For the reasons given, the judgment of the Circuit Court reversing the decisions of the Cook County Liquor Control Commissioner and the Illinois Liquor Control Commission and ordering the issuance of a liquor license is reversed.

Reversed.

BURMAN and ADESKO, JJ., concur.