TAVERN OWNERS ASSOCIATION OF LAKE COUNTY, ILLINOIS, INC., *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF LAKE *et al.*, Defendants-Appellees.

Second District   No. 76-390

Opinion filed September 12, 1977.

James F. Flanigan, of Halfpenny, Hahn & Roche, of Chicago, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan (Gary Neddenreip, Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The sole issue in this case is whether a liquor control regulation, enacted by a non-home-rule county, which prohibits liquor licensees from employing persons under the age of 21 as bartenders, is valid.

The plaintiff, Tavern Owners Association of Lake County, Illinois, Inc., is an Illinois not-for-profit corporation whose members are licensed retail liquor dealers who operate businesses in Lake County. Plaintiff Saxon is a member of the Tavern Owners Association. Saxon and the other members of the Association are holders of Lake County liquor licenses.

The defendant, County of Lake, enacted an ordinance in 1973 which provided in part that all Lake County liquor licenses would be subject to

certain regulations. Included among these was a regulation that licensees were not to "employ any persons under the age of twenty-one years of age for the purpose of drawing, pouring, or mixing any alcoholic liquor." (Lake County Liquor Control Ordinance 1973, §11(5).) Plaintiff filed a complaint for a declaratory judgment, seeking to have this regulation held invalid, and challenging the constitutionality of a provision in the Illinois Liquor Control Act that empowers the county to prohibit women, other than a licensee or the wife of a licensee, from working as bartenders. (Ill. Rev. Stat. 1975, ch. 43, par. 110.) The county filed a motion to strike the paragraphs of the complaint which raised this constitutional question, on the ground that the complaint failed to allege that the county had adopted or was engaged in enforcing any ordinance prohibiting women from bartending. The trial court granted this motion. The county then filed its answer and the plaintiffs moved for summary judgment. The trial court denied plaintiffs' motion and entered an order dismissing the complaint. Plaintiffs appeal from the denial of their motion for summary judgment and dismissal of their complaint, but do not raise any issue regarding the trial court's earlier granting of the county's motion to strike certain paragraphs of their complaint.

■■ A county which is not a home rule unit can exercise only the powers expressly delegated by the legislature or those that arise by necessary implication from expressly delegated powers. Thus, the sole power of Lake County over liquor traffic must be found within the provisions of the Illinois Liquor Control Act. (See *Heidenreich v. Ronske* (1962), 26 Ill. 2d 360, 362.) The regulatory powers granted to non-home-rule counties and municipalities are set forth in article IV, section 1 of the Illinois Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 110):

> "In every city, village or incorporated town, the city council or president and board of trustees, and in counties in respect of territory outside the limits of any such city, village or incorporated town the county board shall have the power by general ordinance or resolution to determine the number, kind and classification of licenses, for sale at retail of alcoholic liquor not inconsistent with this Act and the amount of the local licensee fees to be paid for the various kinds of licenses to be issued in their policital subdivision, except those issued to the specific non-beverage users exempt from payment of license fees under Section 4 of Article V thereof which shall be issued without payment of any local license fees, and the manner of distribution of such fees after their collection; to prohibit any woman or minor, other than a licensee or the wife of a licensee, from drawing, pouring, or mixing any alcoholic liquor as an employee of any retail licensee; and to prohibit any minor from at any time attending any bar and from drawing, pouring or

mixing any alcoholic liquor in any licensed retail premises; and to establish such further regulations and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require; and to provide penalties for the violation of regulations and restrictions, including those made by county boards, relative to operation under local licenses; provided, however, that in the exercise of any of the powers granted in this section, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in Sections 2, 8, 8a and 21 of Article VI of this Act."

The County has argued that the regulation prohibiting persons under the age of 21 from working as bartenders is supported by the legislature's express grant of power to prohibit minors from drawing, pouring or mixing any alcoholic liquor as an employee of any retail licensee. In response, plaintiffs have cited section 131 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 131) which provides that a minor is a person who has not attained the age of 18. The Illinois Liquor Control Act does not contain a definition of the word "minor."

It is unnecessary for us to resolve the question of whether the legislature intended the definition of the word "minor" in the Probate Act to apply to the Liquor Control Act. Section 1, article IV of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 110) not only grants counties the power to prohibit "minors" from working as bartenders, but also grants authority to "establish such further regulations and restrictions" as "the public good and convenience may require". This, of course, is extremely broad language and in *Great Atlantic & Pacific Tea Co. v. Mayor of Danville* (1937), 367 Ill. 310, the court went so far as to hold that it authorized a municipality to prohibit grocers and meat dealers from holding liquor licenses, in spite of the fact that the Liquor Control Act was otherwise wholly lacking in any grant of power to promulgate such a restriction. Shortly thereafter, the legislature amended section 1 by adding the proviso that "in the exercise of any of the powers granted in this section, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated" in the Liquor Control Act. (1941 Ill. Laws vol. 1, at 28.) In *Emm v. Sopher* (1961), 23 Ill. 2d 376, 379, the court held that in view of this amendment local prohibitions against the sale of liquor in grocery stores and meat markets were "rendered inoperative" and could no longer be justified by the "further regulations" clause. Similarly, in *Heidenreich v. Ronske* (1962), 26 Ill. 2d 360, the court held that the "further regulations" clause did not empower a county to provide for a system of licensing bartenders, since the power to license bartenders was not specifically granted by the Liquor Control Act, and not reasonably necessary to effectuate those powers which were granted. It is thus clear

that the proviso limited the power to formulate liquor regulations pursuant to the "further regulations" clause which units of local government had enjoyed prior to 1941.

■■ However, it does not follow that a liquor control regulation will be invalid unless an explicit authorization for the precise regulation can be found in some provision of the Liquor Control Act, other than the "further regulations" clause. In *Cheetah Enterprises, Inc. v. County of Lake* (1974), 22 Ill. App. 3d 306, wherein it was contended that a county did not have the power to deny a license to a tavern which offers nude dancing as entertainment since such a prohibition was not expressly authorized by the Liquor Control Act, this court held that notwithstanding the proviso at the end of section 110:

> "To reconcile and give meaning to the statutory scheme as a whole, it is necessary to conclude that the legislature intended to confer upon local authorities within their jurisdiction, the power to regulate liquor licensees beyond the few specific options mentioned when such regulation is reasonably necessary to make effective the delegated power to regulate retail liquor establishments by nondiscriminatory provisions consistent with the public good and convenience. Any other reasoning would give no meaning to the language which gives local authorities power to regulate such establishments for the public good and convenience." (22 Ill. App. 3d 306, 310-11.)

This court went on to uphold the prohibition against nude dancing. Thus, where a liquor control regulation does not deny a license to a person or class not specified in the enabling statute (as in *Emm v. Sopher*), does not seek to establish a new system of licensing employees parallel to the Liquor Control Act (as in *Heidenreich v. Ronske*), and is reasonably necessary to make effective the power granted to make further regulations for the public good and convenience, it is valid even though the Liquor Control Act is silent regarding the particularized subject matter of the regulation. See also *Stevens v. County of Lake* (1974), 24 Ill. App. 3d 51; *Picco v. Simon* (1967), 80 Ill. App. 2d 277.

■■ In the instant case, the Lake County regulation did not purport to license bartenders, nor did it deny a liquor license to any class of licensees. The Liquor Control Act places a heavy burden of responsibility upon bartenders. A person selling intoxicating liquors has an absolute duty to ascertain the age of the person to whom the sale is made, and to refrain from sales to intoxicated persons, or persons known to be an habitual drunkard, spendthrift, insane, mentally ill, mentally deficient, or in need of mental treatment. (Ill. Rev. Stat. 1975, ch. 43, par. 131). The acts or omissions of a bartender may subject the licensee and the licensee's lessor or others to civil liability (Ill. Rev. Stat. 1975, ch. 43,

par. 135), or cause the licensee to lose his license (Ill. Rev. Stat. 1975, ch. 43, pars. 185, 187). At the same time, the legislature has determined not to entrust persons under 21 years of age with the privilege of possessing or consuming alcoholic liquor, other than beer and wine, and has prohibited persons under 19 years of age from consuming any alcoholic beverage. (Ill. Rev. Stat. 1975, ch. 43, par. 134a.) Since the legislature has thus determined to limit the mere possession or consumption of liquor by persons under 21 years of age, it would appear to be reasonable for the Lake County Board of Supervisors to conclude that persons under the age of 21 generally lack the maturity and experience necessary to meet the heavy burden of responsibility which is assumed by a bartender. The retail sale of intoxicating liquors when not properly conducted is "a business fraught with danger to the community" (*Daley v. License Appeal Commission* (1956), 11 Ill. App. 2d 421, 426; *Weinstein v. Daley* (1967), 85 Ill. App. 2d 470, 481-82), and the Illinois Liquor Control Act provides that it:

"* * * shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." (Ill. Rev. Stat. 1975, ch. 43, par. 94.)

In light of these considerations we hold that an ordinance or regulation which prohibits persons under the age of 21 from tending bar is reasonably necessary to effectuate Lake County's power to make "further regulations" for the "public good and convenience." Thus, the regulation here at issue was within the scope of the regulatory powers delegated to Lake County by the Liquor Control Act.

■■■ The plaintiffs argue that, even if the regulation is within the scope of the regulatory powers delegated by the legislature, it is nonetheless unconstitutional since it denies persons between the ages of 18 and 21 equal protection of the law. Lake County has attacked the plaintiffs' standing to raise this issue, citing the fact that neither Robert Saxon, nor any other members of the Tavern Owners Association, has been alleged to be a member of the class of 18 to 21 year olds, which is the subject of the regulation. While the general rule is that "a litigant may not challenge a classification scheme on the basis that the classifications are discriminatory unless that litigant is a member of the class allegedly being discriminated against" (*People ex rel. Hopf v. Barger* (1975), 30 Ill. App. 3d 525, 532), an exception to the rule exists where the litigant suffers a direct detriment by reason of the classification. (See *Doe v. Bolton* (1973), 410 U.S. 179, 187, 35 L. Ed. 2d 201, 210, 93 S. Ct. 739.) Here, the Lake County regulation denies plaintiffs access to a significant portion of the

labor market and prevents members of the Tavern Owners Association, who have children between the ages of 18 and 21, from employing such children as bartenders; the plaintiffs thus suffer a direct detriment by reason of the regulatory classification. However, we do not believe that a regulation which prohibits persons between the ages of 18 and 21 from working as bartenders is unconstitutional. Both reason and tradition support the imposition of liquor control restrictions upon persons under the age of 21 years. See *Liquor Control Com. v. City of Calumet City* (1975), 28 Ill. App. 3d 279, 287-88; also, *Illinois Liquor Control Com. v. City of Joliet* (1975), 26 Ill. App. 3d 27, 36 (*dicta*).

Therefore, the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.