THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CONRAD C. ERSKINE, Defendant-Appellee.

First District (2nd Division)   No. 76-623

Opinion filed October 11, 1977.

Bernard Carey, State's Attorney, of Chicago, for the People.

No brief filed for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant, Conrad C. Erskine, was charged by complaint with commission of the offense of "Improper Retail Sale of Alcoholic Liquor" in violation of Cook County Ordinance, ch. 14, par. 17(10)(c) (amended 1975), as adopted by the Board of Commissioners of Cook County, Illinois. The complaint alleged that on June 9 and 13, 1975, defendant "allowed Michelle Knight to display her breasts and pubic hair" in a licensed liquor establishment, "The Upstairs Lounge," located at 8850 West Golf Road in Cook County, Illinois. Upon defendant's motion, the trial court dismissed the complaint as insufficient to charge an offense. From entry of that order the State currently appeals pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)).

We note that defendant-appellee has failed to file an answering brief in the instant cause. We shall proceed to consider the merits of the appeal in accord with the standard of review promulgated by the Illinois Supreme Court in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

The ordinance provisions at issue in the case at bar provide in pertinent part as follows:

"Section 17. Every applicant for a license shall covenant and agree:

\* \* \*

(10) The following kinds of conduct on premises in this county licensed to sell alcoholic liquor, are prohibited:

\* \* \*

c. The actual or simulated displaying of the breasts, pubic hair, anus, vulva or genitals.

\* \* \*

Section 22. Any person violating any of the provisions of this resolution shall be fined not less than $25.00 nor more than $200.00 for each offense and every day that such violation shall continue shall constitute a separable and distinct offense." Cook County Ordinance, ch. 14, pars. 17(10)(c), 22 (amended 1975).

The sole issue presented for review is whether the aforementioned ordinance evinces a legislative intent that a violation of ch. 14, par. 17(10)(c) serves as a basis for the imposition of criminal liability, specifically, a fine.

■■■ The principles which govern the construction of statutes apply in construing ordinances. (*City of East St. Louis v. Union Electric Co.* (1967), 37 Ill. 2d 537, 229 N.E.2d 522.) Within this context, it may be noted that in matters requiring judicial interpretation of a legislative enactment it is the duty of the court to interpret the statute as it stands, regardless of the court's own opinion as to the desirability of the results stemming from that interpretation, and not to annex new provisions or substitute different

ones or read into the statute exceptions or conditions which depart from its plain meaning. (*Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249.) It is a cardinal rule that a statute must be construed so as to ascertain and give effect to the legislative intent as expressed in the statute. (*People ex rel. Kucharski v. Adams* (1971), 48 Ill. 2d 540, 273 N.E.2d 7.) Generally, the words used in the statute should be given their plain and ordinary meaning. *People ex rel. Carruthers v. Cooper* (1949), 404 Ill. 395, 89 N.E.2d 40.

■■ The terms of the ordinance in question expressly provide that an individual in violation of *any* of the provisions of the resolution, thereby including subsection 17(10)(c), shall be subject to a fine and that each day that such a violation shall continue, shall constitute a separable and distinct *offense*. Hence, the legislative intent to regulate the conduct of which defendant was charged and, within this context, to impose criminal sanctions upon violation of subsection 17(10)(c), is manifest. See *Cheetah Enterprises, Inc. v. County of Lake* (1974), 22 Ill. App. 3d 306, 317 N.E.2d 129.

The ruling of the trial court to the contrary is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

DOWNING, P. J., and PUSATERI, J., concur.