EDWARD JACOBSEN, Plaintiff-Appellee, *v.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellants.

Second District    No. 80-762

Opinion filed June 30, 1981.

Tyrone C. Fahner, Attorney General, of Chicago, and William L. Guild and Bruce R. Kelsey, both of Harold J. Spelman & Assoc., of West Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellants.

Bruce A. Heidecke, of Law Offices of Thomas J. Benda, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal questions the validity of an ordinance of the city of West Chicago which prohibited the issuance of a liquor license to any premises on which gasoline was sold.

Edward Jacobsen sought a liquor license for the premises on which he operated a gasoline station. The local commissioner denied the license under the local ordinance which prohibited the sale of gas and liquor at the same location. The State of Illinois Liquor Control Commission (ILCC) affirmed the local commissioner, and the circuit court reversed. The city and ILCC appeal.

■■ It does not appear from the record that the city of West Chicago is a home-rule municipality. A non-home-rule municipality can exercise only the powers expressly delegated to it by the legislature, or those that arise by necessary implication from the expressly delegated powers. (*Tavern Owners Association v. County of Lake* (1977), 52 Ill. App. 3d 542, 544.) The enabling legislation, section 1 of article IV of the Illinois Liquor Control Act (Ill. Rev. Stat. 1979, ch. 43, par. 110) provides:

> "In every city * * * the city council * * * shall have the power by general ordinance or resolution to determine the number, kind and classification of licenses, for sale at retail of alcoholic liquor not inconsistent with this Act and the amount of the local licensee fees to be paid for the various kinds of licenses * * * and the manner of distribution of such fees after their collection; to prohibit any minor from drawing, pouring, or mixing any alcoholic liquor as an employee of any retail licensee; and to prohibit any minor from at any time attending any bar and from drawing, pouring or mixing any alcoholic liquor in any licensed retail premises; and to establish such further regulations and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require; and to provide penalties for the violation of regulations and restrictions, including those made by county boards, relative to operation under local licenses; provided, however, that in the exercise of any of the powers granted in this section, the issuance of such licenses shall not be prohibited except for reasons specifically enumerated in Sections 2, 8, 8a and 21 of Article VI of this Act."

None of the reasons enumerated in the proviso to section 1 of article IV applies to the facts of this case.

The ordinance relied upon by the Liquor Commission of West Chicago in denying the license to the plaintiff is section 3—10(6)(3) of the West Chicago Code:

> "(c) No license shall be issued to any premises, engaged in or offering the sale of gasoline or other fuel for motor vehicles, and must have a floor area of not less than 800 square feet; no part of this required floor area to be satisfied by basement or other storage area."

■■■ Ordinances passed by a municipality are presumed valid, and the party challenging the ordinance bears the burden of proof of the invalidity. (*Wernikoff v. Vanneman* (1975), 26 Ill. App. 3d 715, 719; *Bec-N-Call v. Village of Steger* (1979), 75 Ill. App. 3d 957, 960.) The right to sell liquor is not a constitutionally protected right (*Oak Park National Bank v. Village of Broadview* (1963), 27 Ill. 2d 151, 154), and an applicant must comply with the conditions prescribed by the State before being entitled to the privilege of receiving a liquor license. (*Kenessey Enterprises, Inc. v. Liquor Control Com.* (1978), 63 Ill. App. 3d 975, 978.) The general rules applied in looking at license denial cases are summarized in *Stevens v. County of Lake* (1974), 24 Ill. App. 3d 52, 55-56:

> "In making determinations with regard to the licensing of local liquor businesses it is established that a considerable degree of discretion is vested in local liquor control commissioners. [Citation.] The business of selling alcoholic liquors at retail when not properly done is a business 'fraught with danger to the community' and raises peculiarly local problems pertaining to the public health, safety and morals of the community. [Citation.] Thus, a sound basis in public policy exists for vesting discretion in the local liquor control commission. Such power, however, must not be abused. One applying for a license is entitled to fair treatment and good cause must be shown for the denial of an application. [Citations.]"

The primary issue in this case is whether the ordinance violates the proviso of section 1 of article IV and thus is invalid. The city raises a side issue, which is whether the validity of the ordinance was properly challenged in the trial court. The city argues that the complaint does not challenge the validity of the ordinance and therefore the only issue before the trial court was the propriety of the factual determination made by the Commission and the local liquor commissioner.

We first conclude that the issue of the validity of the ordinance has not been waived. The plaintiff challenged the ordinance's validity in his appeal to the ILCC and this was the sole issue before the trial court in proceeding under the complaint for administrative review. The city's reliance on the case of *Pence v. Village of Rantoul* (1973), 12 Ill. App. 3d 446, is misplaced. *Pence* involved a motion to dismiss an administrative review action for a failure to state a cause of action, whereas this case presents a decision on the merits. In addition, *Pence* involved a motion to dismiss an action in administrative review where the complaint did not contain an allegation of invalidity and there was no appeal from a lower administrative tribunal on such a ground; therefore, the issue was not before the trial court. Here, the plaintiff has challenged the validity of the ordinance in his appeal to the ILCC and so the issue was properly before the trial court on review of the denial of the appeal.

We also conclude that the ordinance is invalid. The ILCC and the city of West Chicago argue that the clause in the enabling legislation which permits localities to "establish such further regulations and restrictions upon the issuance and operations under local license not inconsistent with law as the public good and covenience may require" (Ill. Rev. Stat. 1979, ch. 43, par. 110), together with the statutory provision that the Act is to be liberally construed to protect the health, safety and welfare of the people and to promote temperance in the consumption of alcoholic liquor (Ill. Rev. Stat. 1979, ch. 43, par. 94) give the city implied powers to prevent the sale of alcoholic liquor on premises where gasoline is sold.

■■ We do not agree. Under the "further regulation" clause, an ordinance cannot "deny a liquor license to any *class* of licensees" not specified in the enabling statute. (Emphasis added.) (*Tavern Owners Association v. County of Lake* (1977), 52 Ill. App. 3d 542, 545-46.) Since the ordinance in question prohibits gas station owners and others who sell motor vehicle fuel on the premises from obtaining a liquor license, which is not one of the reasons listed in the enabling statute, the ordinance is invalid.

The cases cited by the ILCC and the city are distinguishable. In *Cheetah Enterprises, Inc. v. County of Lake* (1974), 22 Ill. App. 3d 306, 310-11, we upheld a provision which prohibited certain public sexual conduct at places which are licensed to sell liquor, which is not a reason listed in the enabling statute. However, the essence of the decision in *Cheetah* is that the applicable ordinance did not prohibit the issuance of a license to "any person or class not specified in the enabling statute [citations] but rather is aimed at the regulation of conduct" at a licensed establishment. (22 Ill. App. 3d 306, 311.) The same distinction is apparent in other cases cited by the appellants.

In *Palmer v. Illinois Liquor Control Com.* (1979), 77 Ill. App. 3d 725, 731, the court noted that the "other regulation" proviso only precludes the passage of ordinances with blanket prohibitions on the issuance of liquor licenses for nonspecified reasons, but does not operate to limit the power of the local liquor commissioner to deny a license for a valid reason within the exercise of his discretion. (See also *Ace Produce, Inc. v. Illinois Liquor Control Com.* (1981), 93 Ill. App. 3d 381, 384; and *Tollway North Office Center Central National Bank v. Streicher* (1980), 83 Ill. App. 3d 239, 245-246.) The ordinance of West Chicago is a blanket prohibition and therefore violates the proviso to section 1 of article IV.

■■ The conclusion from the cases is clear: the power of the locality to regulate liquor licensees is limited only by the requirement that it must be for the public good; however, an ordinance of a local municipality cannot prohibit a person or class from receiving a liquor license for a reason that is not specified in the enabling statute. (See *Emm v. Sopher* (1961), 23 Ill. 2d 376.) In *Emm* the Illinois Supreme Court held that an ordinance could

not prohibit the issuance of a license to a person engaged in the retail sale of groceries, meat products and/or drugs. Similarly, this ordinance under consideration prohibits the issuance of a liquor license to any establishment which also sells gasoline, which prohibition is not consistent with any of the reasons listed in the enabling statute. See also *Heidenreich v. Ronske* (1962), 26 Ill. 2d 360, 365.

The decision of the trial court reversing the decisions of the administrative agencies is therefore affirmed.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.