THE CITY OF BATAVIA, Plaintiff-Appellant, v. ALETA L. ALLEN, Defendant-Appellee.

Second District No. 2—90—1103

Opinion filed August 30, 1991.

William R. McGrath, of Wheaton, for appellant.

Fred M. Morelli, Jr., of Law Offices of Fred M. Morelli, Jr., of Aurora, and Vincent C. Argento, of Law Offices of Vincent C. Argento, of Elgin, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Aleta L. Allen, was charged with violation of a Batavia, Illinois, municipal ordinance which required in part that the doors and windows of taverns remain closed during business hours. Defendant moved to dismiss the charge alleging that the ordinance was unconstitutional. The trial court agreed with defendant and declared the ordinance unconstitutional. The city appeals.

Defendant was charged with violation of municipal ordinance 89—33 (Batavia, Ill., Municipal Code, title 3, ch. 3—9—E (1989)). That ordinance states:

> "All doorways to premises upon which the sale of alcoholic liquor for consumption on the premises is licensed shall contain at least one door which is solid and contains no openings, louvers, screened portions, or other openings which may allow noise to pass through, and such door shall remain closed during all hours of business except as necessary for ingress and egress into said premises. Any window of such premises which opens into a room in which alcoholic liquor is sold or consumed shall remain closed at all times."

The complaint alleged that defendant allowed the front door of the Night Gallery, a business licensed for the sale and consumption of alcohol, to remain open at 7:45 p.m. on October 27, 1989.

Defendant responded with a motion to dismiss alleging that the ordinance violated her "right to access to the outside and to air and light." She asked the court to find the ordinance unconstitutional. Although the motion to dismiss did not specify which constitutional provision the ordinance violated, at the hearing on the motion defendant argued that the ordinance violated "the constitutional right *** to enjoy the air and to enjoy the light." She further argued that although the stated purpose of the ordinance was to control noise, the ordinance went too far and deprived people of "fresh air and light from the street." Finally, defendant argued that the ordinance was not a reasonable exercise of police powers.

The trial court found that all of the taverns in Batavia are located in the downtown area, not in residential areas, and that there could be no noise emanating from an open tavern door that would have an adverse effect on anyone; the court determined that if a noise problem arose, it could be controlled by applying other ordinances and statutes. The court also found that it was important to the health and welfare of the citizens of Batavia that they have access to fresh air and light while in such establishments; the court determined that the ordinance deprived them

of that right. The court concluded that the ordinance was unnecessarily intrusive and did not serve the purpose for which it was intended and was, therefore, unconstitutional. The city appeals from that ruling.

Batavia argues that the door and window regulation is a valid exercise of its police power to regulate licenses. Defendant argues that it is an unconstitutional zoning restriction of a purported nuisance and that it fails to serve the public health, safety, morals, or general welfare. We agree with the city that the door and window ordinance is a licensing restriction and not a zoning provision; it regulates establishments based on the type of business they conduct, not based on their location. See *David E. Shelton Productions, Inc. v. City of Chicago* (1988), 167 Ill. App. 3d 54, 56-57.

 It is well established that unless an enactment impinges on a fundamental personal right or is drawn upon an inherently suspect classification, it is presumptively valid, and it will survive constitutional scrutiny if it is rationally related to a legitimate governmental purpose. (*Triple A Services, Inc. v. Rice* (1989), 131 Ill. 2d 217, 225-26.) A party challenging an ordinance has the burden of establishing its invalidity. (*City of Aurora v. Navar* (1991), 210 Ill. App. 3d 126, 132.) Liquor licensees are not an inherently suspect classification, and the government can impose regulations on liquor traffic that are more stringent than would be permitted in other businesses. (See *Cheetah Enterprises, Inc. v. County of Lake* (1974), 22 Ill. App. 3d 306, 314.) The trial court determined, however, that the ordinance impinged on the right to fresh air and light.

██ Assuming that there is a constitutionally protected right to fresh air and light, it is clear that the ordinance at issue has no effect on access to light. In the trial court, defendant urged that the word "solid" in the ordinance meant without a window. Defendant's construction of the ordinance, however, does not comport with the plain meaning of the language. As the ordinance makes abundantly clear, "solid" merely means without an opening. A "solid" door, therefore, can be made entirely of glass or clear plastic or it can contain a window. If the meaning of a statute or ordinance is clearly expressed in the statute or ordinance, the courts cannot imply another meaning. *Triple A Services*, 131 Ill. 2d at 229.

The ordinance does not restrict access to air either. If tavern operators wish to provide "fresh" air in their establishments, the ordinance merely restricts the manner in which they may provide ventilation by requiring them to find an alternative to open doors and windows; they may, for example, use vents and fans. We conclude that the ordinance does not impinge on the right to fresh air and light.

The final question is whether the ordinance is rationally related to a legitimate governmental purpose.

■ The preamble to the ordinance identifies the problem the ordinance was enacted to combat. It states that the "practice of allowing doors [of taverns] to remain open *** is disturbing and creates a nuisance to citizens who are outside of such establishments and *** interferes with their peaceful enjoyment of public and private property in close proximity to such establishments." There is no question that the ordinance is intended to control noise. Preventing disturbing noises is a legitimate governmental purpose. (See *Kovacs v. Cooper* (1949), 336 U.S. 77, 83, 93 L. Ed. 513, 520, 69 S. Ct. 448, 451.) It is reasonable to assume that keeping tavern doors and windows closed will cut down on the amount of noise from such establishments which is audible from the street. The ordinance is, therefore, rationally related to the goal of preventing disturbing noise. Although keeping tavern doors and windows closed may not be the only way, or the best way, or the least intrusive way of controlling noise from such establishments, it is not an unreasonable way.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded to the circuit court for further proceedings.

Reversed and remanded.

McLAREN and INGLIS, JJ., concur.